UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-3250 DMG (GJSx)** | Date | June 2, 2020 |
| Title | *Joana Gallegos v. Costco Wholesale Corporation, et al.* | Page | 1 of 5 |

Present: The Honorable     DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE MOTION TO REMAND [12]**

This matter is before the Court on the Motion to Remand ("MTR") filed by Plaintiff Joana Gallegos. [Doc. # 12.] The MTR is fully briefed. Opp. [Doc. # 17]; Reply [Doc. # 18]. For the reasons set forth below, the MTR is **GRANTED**.

**I.
BACKGROUND**

Plaintiff asserts that she suffered injuries when she slipped and fell at a store owned and operated by Defendant Costco Wholesale Corporation ("Costco") in August 2018. On October 23, 2019, Plaintiff filed a Complaint in Los Angeles County Superior Court against Defendants Costco and Russell Lee stating claims for general negligence and premises liability. Notice of Removal, Ex. A ("Compl.") [Doc. # 1–1]. According to Plaintiff, each Defendant negligently owned, maintained, managed, and operated the store premises where she slipped and had notice of grapes on the floor of the store, leading to dangerous conditions. *Id.* at 7.[1] Plaintiff claims that, as a result of her injuries, she incurred hospital and medical expenses, wage loss, general damages, and emotional distress. *Id*. at 6.

In late January 2020, Plaintiff's initial counsel told Costco via telephone that he was unsure of Plaintiff's damages amount, Plaintiff would need back surgery, and medical expenses would be part of her damages. MTR, Saleh Decl. at ¶ 3 [Doc. # 12]. On March 23, 2020, Plaintiff responded to Defendants' discovery requests and provided a statement of damages exceeding $20 million. Notice of Removal, Ex. F (Statement of Damages) [Doc. # 2–3].

On April 7, 2020, Defendants removed the action, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. section 1332 because Plaintiff is a California citizen, Costco is citizen of Minnesota, Lee's citizenship should be disregarded because he is fraudulently joined,

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.    **CV 20-3250 DMG (GJSx)**        Date   June 2, 2020

Title   *Joana Gallegos v. Costco Wholesale Corporation, et al.*     Page   2 of 5

and the amount in controversy exceeds $75,000. Notice of Removal at ¶¶ 10, 13 [Doc. #1]. On May 7, 2020, Plaintiff filed the instant MTR, arguing that Costco's removal was untimely and that no diversity jurisdiction exists because Lee is a California resident. MTR at 6.

## II.
## LEGAL STANDARD

Diversity jurisdiction under 28 U.S.C. section 1332 requires that the parties to a suit be of diverse citizenship. *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806)). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*).

"[T]here is a general presumption against fraudulent joinder." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Yet, fraudulently joined defendants do not defeat removal on diversity grounds. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

When contesting removal, a plaintiff is limited to the allegations stated in its complaint. *See Ritchey*, 139 F.3d at 1318 (to determine whether joinder of a defendant is fraudulent, district courts must "look only to a plaintiff's pleadings to determine removability" and "will determine the 'existence of federal jurisdiction . . . solely by an examination of the plaintiff's case.'") (citations omitted). A defendant opposing remand may introduce evidence beyond the pleadings to establish fraudulent joinder. *Id.* (citing *McCabe*, 811 F.2d at 1339). A removing defendant must "show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant. Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal citations omitted); *Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1033 (C.D. Cal. 2016) (same).

UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-3250 DMG (GJSx)** | Date | June 2, 2020 |
|---|---|---|---|
| Title | *Joana Gallegos v. Costco Wholesale Corporation, et al.* | Page | 3 of 5 |

### III.
### DISCUSSION

**A.    Timeliness of Removal**

"[S]ection 1446(b) [of Title 28 of the U.S. Code] identifies two [30]-day periods for removing a case." *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 885 (9th Cir. 2010). Where the complaint's removability is clear from the face of the "initial pleading," the first 30-day removal period is triggered. *Id*.; *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) ("To avoid saddling defendants with the burden of investigating jurisdictional facts, we have held that 'the ground for removal must be revealed affirmatively in the initial pleading in order for the first [30]-day clock under § 1446(b) to begin." (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005))). Where the initial pleading does not reveal a basis for removal, a defendant has 30 days from the date it receives "'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris*, 425 F.3d at 693 (quoting 28 U.S.C. § 1446(b)).

As an initial matter, the Complaint on its face does not allege Plaintiff's damages will exceed $75,000, thus the first 30-day period was not triggered upon the filing and service of the Complaint. Instead, Plaintiff contends that the January telephone conversation between both sides' counsels should have triggered the second 30-day removal period because Costco "could have ascertained from the allegations in the Complaint with the information obtained in late January 2020, that Plaintiff's damages would exceed $75,000." MTR at 12.

The Ninth Circuit has indicated that the phrase "other paper" contemplates some sort of writing or document, not a mere conversation. *See, e.g.*, *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013) (Plaintiffs "need only provide to the defendant a *document* from which removability may be ascertained [to] trigger the thirty-day removal period.") (emphasis added). In *Roth*, the Ninth Circuit cited with approval a Fifth Circuit decision that held a defendant-produced affidavit describing the plaintiff's admission that the anticipated damages satisfied the amount-in-controversy requirement did not constitute "other paper" and thus did not trigger a removal period. *Roth*, 720 F.3d at 1125 (citing *S.W.S. Erectors, Inc., v. Infax, Inc.*, 72 F.3d 489, 491 (5th Cir. 1996)). Plaintiff has provided no authority in this circuit that supports her argument that a phone conversation is sufficient to trigger the second removal period. *See* MTR at 9 (citing only out-of-circuit district court cases with distinguishable facts).

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-3250 DMG (GJSx)** | Date | June 2, 2020 |
|---|---|---|---|
| Title | *Joana Gallegos v. Costco Wholesale Corporation, et al.* | Page | 4 of 5 |

Thus, Defendants were unaware that the Complaint was removable until March 23, 2020, when Plaintiff responded to Defendants' written interrogatory requests and disclosed, in writing, that the amount in controversy would exceed $75,000. Notice of Removal, Ex. D [Doc. # 2–1]. Because Plaintiff's interrogatory responses triggered Costco's 30-day removal period, Costco's April 7, 2020 removal was timely.

**B.**     **Fraudulent Joinder**

Timeliness alone, however, does not establish this Court's jurisdiction. Plaintiff asserts that the Court lacks subject matter jurisdiction under 28 U.S.C. section 1332 because the parties are not completely diverse. MTR at 6. In opposition to remand, Costco argues that Plaintiff (1) acted in bad faith by joining Lee, a California resident, as a non-diverse sham defendant to eliminate the Court's jurisdiction; (2) failed to assert a cause of action or colorable claim against Lee; and (3) cannot possibly prevail on premises liability and negligence causes of action against Lee. Opp. at 6.[2]

First, Plaintiff's intentions do not factor into the fraudulent joinder analysis. As a rule, the fraudulent joinder analysis "does not implicate a plaintiff's subjective intent" in bringing suit against a non-diverse defendant. *See Rangel*, 200 F. Supp. 3d at 1030 (citing *McCabe*, 811 F.2d at 1339).

Second, Plaintiff has asserted a colorable claim against Lee. Under California law, the elements for Plaintiff's negligence and premises liability claims are: "a legal duty of care, breach of that duty, and proximate cause resulting in injury." *Kesner v. Superior Court*, 1 Cal. 5th 1132, 1158 (2016). Plaintiff alleges that Costco and Lee breached the duty to keep the premises safe and caused Plaintiff's injury. Specifically, Plaintiff alleges that Defendants "created and had notice of the condition by causing grapes to be left on its floor." Compl. at 7. On its face, therefore, the Complaint contains sufficient facts to support claims for negligence and premises liability.

Costco argues that Plaintiff fails to state a cause of action against Lee "as an individual" and that Plaintiff merely repeats the boilerplate allegation against "Defendants" generally. Opp. at 3, 7. But the Complaint alleges that "each" Defendant was negligent in creating the conditions in which she fell. Compl. at 7. In the context of the negligence and premises liability claims in

---

[2] Though 28 U.S.C. section 1332, speaks of citizenship, not of residency," *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001), the Court may also take evidence of a person's residence "as prima facie evidence of the person's domicile." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013) (citation omitted). Accordingly, the Court accepts as undisputed that Lee is a citizen of California.

UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-3250 DMG (GJSx)** | Date | June 2, 2020 |
|---|---|---|---|

| Title | *Joana Gallegos v. Costco Wholesale Corporation, et al.* | Page | 5 of 5 |
|---|---|---|---|

this case, Lee is Costco's agent and, therefore, it is plausible that Defendants' conduct is intertwined.[3] In addition, Lee admits that he was the general manager of the store and was on duty on the day of the incident. Opp., Lee Decl. [Doc. # 17–1]. Plaintiff claims that Lee told her to fill out an "incident report" after her fall. Reply, Gallegos Decl. at ¶ 4 [Doc. # 18–1].

Nothing precludes Plaintiff from amending the Complaint to cure any pleading deficiencies in her claims against Lee. Costco has therefore failed to carry its burden to show "no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant." *Rivas v. Target Corp.*, No. ED CV19-905-DMG (SPx), 2019 WL 3237375, at *2 (C.D. Cal. July 18, 2019) (quoting *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)); *see also Liepmann v. Camden Co.*, No. CV 19-7348-DMG (Ex), 2019 WL 5420281, at *2 (C.D. Cal. Oct. 22, 2019).

In sum, although removal was timely, because Costco has not carried its burden to demonstrate that Plaintiff fraudulently joined Lee, the Court must consider Lee's citizenship for jurisdictional purposes. Plaintiff's and Lee's California citizenship destroys diversity jurisdiction and necessitates remand.

### IV.
### CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's MTR. The action is hereby **REMANDED** to the Los Angeles County Superior Court. The June 5, 2020 hearing is **VACATED.**

**IT IS SO ORDERED.**

---

[3] It is immaterial to the fraudulent joinder that Plaintiff need not sue Lee in order to recover from Costco, as long as the claim could be viable. *See* Opp. at 6. Costco also concedes that there is no authority that vicarious liability immunizes employees from liability for conduct. *Id.* Long-settled California law provides that "[i]f a tortious act has been committed by an agent acting under authority of his principal, the fact that the principal thus becomes liable does not of course exonerate the agent from liability." *Perkins v. Blauth*, 163 Cal. 782, 787 (1912); *see also PMC, Inc. v. Kadisha*, 78 Cal. App. 4th 1368, 1381 (2000) ("[A]n agent is liable for her or his own acts, regardless whether the principal is also liable."). Based on this theory, Lee, as the Costco store manager, may be held liable separate and apart from Costco's liability.